Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



STEPHEN CADE, INDIVIDUALLY AND
)
 

D/B/A GUARDIAN HOME CARE
)


SERVICES, A TEXAS PARTNERSHIP, AND
)


ROBERT FREEMAN, INDIVIDUALLY AND
)


D/B/A GUARDIAN HOME CARE )
 

SERVICES, A TEXAS PARTNERSHIP,
)
 No. 08-03-00266-CV

)


 Appellants,
)
 Appeal from

)
 

v.
)
 106th District Court

)


JODI LEIGH NELSON AND )
 of Gaines County, Texas

EDDIE NELSON, INDIVIDUALLY, )


AS SURVIVING PARENTS, AND ON
)
 (TC# XX-XXXXXXX)

BEHALF OF THE ESTATE OF
)


THOMAS JAMES NELSON, DECEASED,
)


)


 Appellees.
)



MEMORANDUM OPINION



 Pending before the Court is a joint motion to vacate the trial court's judgment and dismiss
the underlying case with prejudice. The parties have filed this motion pursuant to Tex.R.App.P.
42.1, which states that:

 (a) On Motion or By Agreement. The appellate court may dispose of an appeal as
follows:


 (1) On Motion of Appellant. In accordance with a motion of appellant, the
court may dismiss the appeal or affirm the appealed judgment or order unless
disposition would prevent a party from seeking relief to which it would
otherwise be entitled.


 (2) By Agreement. In accordance with an agreement signed by the parties
or their attorneys and filed with the clerk, the court may:


 (A) render judgment effectuating the parties' agreements;


 (B) set aside the trial court's judgment without regard to the merits
and remand the case to the trial court for rendition of judgment in
accordance with the agreements; or


 (C) abate the appeal and permit proceedings in the trial court to
effectuate the agreement.


 The parties have settled all matters in controversy. By their motion, the parties have agreed
that the underlying judgment should be vacated and a judgment of dismissal with prejudice should
be rendered. Pursuant to Rule 42.1(a)(2)(A) and (B), we grant the joint motion, vacate the trial
court's judgment and render a judgment of dismissal with prejudice. Pursuant to the agreement of
the parties, costs are taxed against the party incurring same. See Tex.R.App.P. 42.1(d).


January 29, 2004 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.